IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | EP-07-CR-1771-PRM |
| | § | |
| GUILLERMO CAZARES-LANDIN, | § | |
| Defendant. | § | |

### MEMORANDUM OPINION REGARDING DEFENDANT'S OBJECTION TO SIXTEEN-LEVEL SENTENCING ENHANCEMENT FOR PRIOR CONVICTION

On this day, the Court considered Defendant Guillermo Cazares-Landin's Objection to the Presentence Investigation Report's ("PSR") recommendation of a sixteen-level enhancement based on prior convictions in Idaho for Attempted Robbery and Battery with the Intent to Commit a Serious Felony. After considering the parties' briefing and the oral arguments presented to the Court at the sentencing hearing held on November 1, 2007, the Court sustained Defendant's Objection to the proposed sixteen-level enhancement, and applied an eight-level enhancement pursuant to § 2L1.2(b)(1)(C). The Court writes now to explain more fully the reasons for its ruling.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On August 1, 2007, Defendant was charged in a single-count indictment with illegal re-entry into the United States in violation of 8 U.S.C. § 1326. On the same day, the Government filed a notice of intent to seek an increased statutory penalty, pursuant to 8 U.S.C. § 1326(b)(2). On August 27, 2007, Defendant pled guilty to the indictment.

The PSR assigned Defendant a base offense level of eight pursuant to U.S.S.G. § 2L1.2. *See* U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(a) (2007). The PSR recommended a sixteen-level enhancement pursuant to § 2L1.2(b)(1)(A)(ii), concluding that Defendant had been convicted of a crime of violence prior to his previous removal from the United States.

In 1994, Defendant pled guilty to a two-count Information in Idaho.[1] Defendant objected to the recommended increase, asserting that neither Attempted Robbery nor Battery with the Intent to Commit a Serious Felony is a crime of violence warranting a sixteen-level adjustment pursuant to § 2L1.2.

## II.   DISCUSSION

### A.   *Crime of Violence – Sixteen-Level Enhancement*

§ 2L1.2(b)(1)(A)(ii) instructs the Court to apply a sixteen-level increase to the base offense level of a defendant who was previously deported after a felony conviction for a crime of violence. U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Guidelines define crime of violence as:

> any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

*Id.* cmt. n.1(B)(iii). Robbery is listed as an enumerated offense. Neither battery nor battery with the intent to commit a serious felony is so listed. *Id.* Therefore, the Court must determine

---

[1] There appears to be an error with respect to the precise offense of which Defendant was convicted in Idaho. The PSR and the documents submitted for the Court's consideration relating to Defendant's prior conviction (the Judgment and Order of Probation, Information, and Criminal Complaint and Deposition) all indicate he was charged and convicted of *Battery* with Intent to Commit a Serious Felony, which is codified at Idaho Code Section 18-911. However, the documents identify the statutes of the offense as Idaho Code Section 18-909 (*Assault* with Intent to Commit a Serious Felony), and Idaho Code Section 18-903 (the definition of *battery*). Defendant does not dispute the fact of his prior conviction, and in his letter to the U.S. Probation officer, he also erroneously refers to his prior conviction as one for "*Battery* with the Intent to Commit a Serious Felony, IDAHO CODE ANN. §§ . . . 18-909 and 18-903." The Court will evaluate the objection as though Defendant had been convicted of *Battery* with Intent to Commit a Serious Felony, Idaho Code Section 18-911, as the state court, in entering its judgment, used that language.

whether (1) the Idaho robbery statute is equivalent to the enumerated offense of robbery,[2] and, (2) if it is not, whether Idaho convictions for Robbery and Battery with the Intent to Commit a Serious Felony require, as an element, the use, attempted use, or threatened use of physical force against the person of another.

    1.    Enumerated Offense of Robbery

To determine if the Idaho robbery statute can be properly characterized as the enumerated offense of robbery, the Court employs "'a common sense approach', defining each crime by its 'generic, contemporary meaning.'" *United States v. Sanchez-Ruedas*, 452 F.3d 409, 412 (5th Cir. 2006) (internal quotations omitted). "Sources of generic, contemporary meaning include the Model Penal Code, treatises, federal and state law, dictionaries, and the Uniform Code of Military Justice." *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 379 (5th Cir. 2006).

"After determining the generic, contemporary meaning of the predicate offense, [the Court] must then compare it to the statute governing the prior conviction." *Id.* In making that comparison, the Court must examine only the elements of the offense as defined by statute, and may not look to the facts giving rise to Defendant's conviction. *United States v. Torres-Diaz*, 438 F.3d 529, 536 (5th Cir. 2006). However, the Court may consider certain documents relating to the prior conviction "whenever a statute provides a list of alternative methods of commission." *United States v. Calderon-Pena*, 383 F.3d 254, 258 (5th Cir. 2004) (en banc).

The Fifth Circuit has held that "the generic form of robbery 'may be thought of as aggravated larceny,' containing at least the elements of 'misappropriation of property under

---

[2] Attempting to commit any of the offenses prohibited under U.S.S.G. § 2L1.2(b)(1) is the same as the commission of the underlying offense for sentencing purposes. § 2L1.2 cmt. n.5 Therefore, the Court will evaluate the offense as though Defendant had been convicted of robbery.

3

circumstances involving [immediate] danger to the person.'" *Santiesteban-Hernandez*, 469 F.3d at 380 (quoting Wayne R. LaFave, Substantive Criminal Law § 20.3 intro., (d)(2) (2d ed. 2003)) (alteration in original). "The immediate danger element . . . has been implemented by the states in two main ways": (1) in terms of bodily injury,[3] and (2) as property "taken from a person or a person's presence by means of force or putting in fear."[4] *Id.* The Fifth Circuit found that despite differences in how the element is defined, "they are two sides of the same coin," even though the statutes focusing on bodily injury do not specifically state that the offense involves a use of force. Therefore, for an offense to meet the "generic, contemporary meaning" of robbery, it must involve both the misappropriation of property element and the immediate danger element, whether that element is met in terms of bodily injury or "by means of force or putting in fear." *Id.*

Under Idaho law, "[r]obbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." IDAHO CODE ANN. § 18-6501 (Lexis 1994). "The fear which constitutes robbery may be either: (1) [t]he fear of an unlawful injury to the person or property of the person

---

[3] The Fifth Circuit examined the Model Penal Code's definition of robbery: "'[a] person is guilty of robbery if, in the course of committing a theft, he: (a) inflicts serious bodily injury upon another; or (b) threatens another with or purposely puts him in fear of immediate serious bodily injury; or (c) commits or threatens immediately to commit any felony of the first or second degree.'" *Santiesteban-Hernandez*, 469 F.3d at 380-81 (quoting Model Penal Code § 222.1).

[4] The Fifth Circuit examined Alabama Code Section 13A-8-43(a), which sets forth that "[a] person commits the crime of robbery in the third degree if in the course of committing a theft he: (1) uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or (2) threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property," *Santiesteban-Hernandez*, 469 F.3d at 380 (quoting CODE OF ALA. § 13A-8-43 (Lexis 2006)). The Fifth Circuit also found that a majority of states utilize this method of defining the element. *Id.* at 381.

4

robbed, or of any relative of his, or member of his family; or, (2) [t]he fear of an immediate and unlawful injury to the person or property of any one in the company of the person robbed at the time of the robbery." IDAHO CODE ANN. § 18-6502 (Lexis 1994).

The element of immediacy is missing from the first prong of Idaho's definition of fear, and both prongs provide that the fear can be one of an injury to property. Therefore, one can be convicted of robbery in Idaho for committing a theft by means of inflicting a fear of injury to property. Because the Fifth Circuit has held that in order for a criminal violation to meet the generic, contemporary meaning of robbery, it must be accomplished by means of inflicting a fear of injury to a person, *Santiesteban-Hernandez*, 469 F.3d at 380, the Court finds that robbery under Idaho law does not constitute the enumerated offense of robbery for purposes of sentencing.

At the sentencing hearing held in this cause, the Government admitted that robbery under Idaho law may not constitute the enumerated offense, but argued Defendant's conviction meets the definition because the Information provided in this case indicates the offense was committed against a person, rather than against property. However, the Court finds that the Information does not narrow the statutory definition of the "fear which constitutes robbery" such that it excludes the possibility that Defendant was convicted of robbery accomplished by inflicting the fear that some injury could result to property. Accordingly, the Court understands that Defendant's prior conviction does not constitute the enumerated offense of robbery, and does not warrant a sixteen-level enhancement.

Alternatively, the Government, relying on its assertion that robbery under Idaho law constitutes the enumerated offense of robbery, argued that Defendant's conviction for Battery with the Intent to Commit a Serious Felony also constitutes the enumerated offense of robbery

because it necessarily involves robbery. However, just as Defendant's Attempted Robbery conviction does not constitute the enumerated offense of robbery, the Government's argument is without merit. Although the Government did not expressly argue that either statute fits within the residual category of offenses, the Court will, nonetheless, evaluate both statutes in order to determine whether either has as an element the use, attempted use, or threatened use of force against the person of another.

        2.    Use of Force as an Element

A district court, in considering whether an "offense under . . . state . . . law . . . has as an element the use, attempted use, or threatened use of physical force against the person of another," is limited to looking at the elements of the statute of conviction. *United States v. Villegas-Hernandez*, 468 F.3d 874, 878 (5th Cir. 2006). "'[I]f any set of facts would support a conviction without proof of that component, then the component most decidedly is not an element–implicit or explicit–of the crime.'" *Id.* at 879 (quoting *United States v. Vargas-Duran*, 356 F.3d 598, 605 (5th Cir. 2004). As a person can commit robbery under Idaho law by inflicting fear of injury to property, any threatened use of physical force need not be against "the person of another." Therefore, the use, attempted use, or threatened use of force against a person is not a necessary element of robbery under Idaho law, and Defendant's conviction for robbery does not warrant a sixteen-level enhancement as a crime of violence. The Court now considers whether Defendant's conviction for Battery with Intent to Commit a Serious Felony under Idaho law includes such an element.

Under Idaho law, Battery with the Intent to Commit a Serious Felony is, "[a]ny battery committed with the intent to commit murder, rape, the infamous crime against nature, mayhem, robbery, or lewd and lascivious conduct with a minor child is a battery with the intent to commit

6

a serious felony." IDAHO CODE ANN. § 18-911 (Lexis 1994). Simple battery under Idaho law involves the "unlawful touching . . . of another person," or "unlawfully and intentionally causing bodily harm to an individual." IDAHO CODE ANN. § 18-903 (Lexis 1994). Neither an offensive touching nor the causation of bodily harm necessarily involves the use, attempted use, or threatened use of force against the person of another. *See Villegas-Hernandez*, 468 F.3d at 879 (finding that an assault under Texas law was not a crime of violence where one could be convicted for having caused bodily injury to another without employing the use of force.); *United States v. Sanchez-Torres*, 136 Fed. Appx. 644, 648 (5th Cir. 2005) (finding that an offense was not a crime of violence when one could be convicted for merely the offensive touching of another person.). Thus, a conviction for battery under Idaho law is not a crime of violence. Furthermore, the Court is aware of no authority suggesting that a conviction for Battery with the Intent to Commit a Serious Felony modifies simple battery to require proof of the use, threatened use, or attempted use of force against the person of another, and so a conviction pursuant to that statute is not a crime of violence.

The Court also concludes that the Information to which Defendant pled does not sufficiently narrow the statute of conviction. It provides that Defendant, "did actually, intentionally and unlawfully touch the person of [his victim] against her will by grabbing her from behind and saying 'dinero.'" In other words, the pleading only indicates that an unlawful touching occurred which touching was perpetrated by Defendant. Because the Fifth Circuit has held that a mere unlawful touch does not involve the use of force, Defendant's conviction for Battery with the Intent to Commit a Serious Felony is not a crime of violence pursuant to § 2L1.2(b)(1)(A)(ii). Therefore, the Court will evaluate the applicability of another enhancement.

B.   *Aggravated Felony – Eight-Level Enhancement*

The offense level for a defendant convicted of illegal re-entry is increased by eight levels if the defendant was convicted of an "aggravated felony" prior to his previous removal. U.S.S.G. § 2L1.2(b)(1)(C). The term "'aggravated felony' has the meaning given that term in section 101(a)(43) of the Immigration and Nationality Act." *Id.* § 2L1.2 cmt. n.3(A). That statute sets forth that an aggravated felony includes "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [sic] at least one year." 8 U.S.C. § 1101(a)(43)(F). A "crime of violence" under this definition is:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16 (Lexis 2007).

No court within the Fifth Circuit has yet considered whether either Idaho offense is a crime of violence pursuant to § 16. The Court will, therefore, look to authority outside the Fifth Circuit.

The Tenth Circuit has determined that a conviction for the Idaho offense of Battery with the Intent to Commit a Serious Felony is a "crime of violence" pursuant to 18 U.S.C. § 16. *Serva-Lozano v. Gonzales*, 215 Fed. Appx. 704, 706 (10th Cir. 2007). Furthermore, the Eighth Circuit, in evaluating a conviction under a California statute identical to the Idaho statute, concluded that "[r]obbery achieved through 'force or fear' by its nature presents a 'substantial risk that physical force against the person or property of another may be used,'" and so does constitute a crime of violence within the meaning of 18 U.S.C. § 16(b). *United States v. Valladares*, 304 F.3d 1300, 1302 (8th Cir. 2002).

8

The Court agrees with the determinations of both the Tenth and Eighth Circuits, and finds that both offenses of which Defendant was convicted under Idaho law constitute crimes of violence as defined in 18 U.S.C. § 16(b). The Court finds that because battery in Idaho encompasses actions such as "unlawful touching," it does not involve the use of force as an element, but does involve a substantial risk that physical force might be used, and is, therefore, a crime of violence pursuant to § 16(b), which includes a felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in committing the offense." *See* 18 U.S.C. § 16(b). As a conviction for robbery in Idaho requires the same elements as the offense evaluated in *Valladares*, it also involves a substantial risk that physical force might be used. *See id.* Furthermore, at the sentencing hearing held in this cause, Defendant did not object to the application of an eight level enhancement. Therefore, the Court concludes that Defendant's prior convictions under Idaho law constitute "aggravated felonies" pursuant to U.S.S.G. § 2L1.2, and an eight-level enhancement is warranted.

### III.   CONCLUSION

Based on the foregoing analysis, the Court is of the opinion that Defendant's objection to a sixteen-level increase should be sustained and that the eight-level enhancement of § 2L1.2(b)(1)(C) is properly applied.

Accordingly, **IT IS ORDERED** that Defendant Guillermo Cazares-Landin's Objection to the Presentence Investigation Report's recommendation of a sixteen-level enhancement based on prior convictions in Idaho for Attempted Robbery and Battery with the Intent to Commit a Serious Felony is **SUSTAINED**.

SIGNED this 18th day of **December, 2007**.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE